## FATH v. DAWLEY. (No. 8409.)

(Court of Civil Appeals of Texas. Dallas. Dec. 11, 1920.)

Appeal and error &#x229C;~1002—Question of existence of contract, whereon evidence conflicting, for jury.

A question as to the existence of the contract sued on, whereon the evidence was sharply in conflict, was for the jury to determine according to their estimate of the evidence, and to answer by saying on whose side lay the facts and truth.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by C. F. Fath against C. W. Dawley. From judgment for defendant, plaintiff appeals. Affirmed.

John White and Marcus M. Parks, both of Dallas, for appellant.

Louis H. Porter and Murphy W. Townsend, both of Dallas, for appellee.

HAMILTON, J. Appellant sued to recover against C. W. Dawley $15,000, alleging it to be due upon a verbal express contract for expert services rendered by appellant to appellee in the year 1916. It was alleged that appellant was on January 5, 1916, and prior thereto, employed by defendant, the appellee Dawley, or by certain incorporated ice companies Dawley was financially interested in, and that the capacity in which appellant was so employed was that of auditor at a salary of $200 per month; that on January 5, 1916, Dawley in connection with a contemplated scheme to consolidate various ice companies located in different cities, into one corporation, employed appellant to install a complete and uniform system of records for bookkeeping, agreeing to pay $15,000 for such services out of the profits of the new organization on December 1, 1916.

Appellant alleged that he had performed the services thus agreed upon and had thereby fully executed and carried out the contract on his part, but that, although the organization formed by Dawley through the above-named process of consolidation had yielded profits totaling $150,000, appellee had refused to perform the contract on his own part by making payment of the $15,000 as he had contracted to do.

To these allegations appellee responded by general demurrer and general denial.

The case was submitted to the jury upon a single special issue. In substance and effect the question thus submitted to the jury was this: "Was the alleged contract made?" The jury answered this question in the negative.

Appellant admits that this answer of the jury is justified by the evidence; that is, that a sharp conflict of evidence on the point is to be found in the record, and that he does

not gainsay the proposition that the finding is supported by competent testimony.

The dispute as to this particular fact is made by the pleadings, and, since appellant admits that the conflict extends through the evidence, it becomes clear, without the necessity of investigating the record, that the question presented to the jury was one for them to decide according to their estimate of the evidence, and to answer by saying upon whose side lay the facts and truth as to the controversy.

That the issue was properly submitted is also conceded by appellant. No exception to it was taken by either party. It was not requested that any other issue be submitted. This is the basic question in the case, and the answer made by the jury is final and conclusive, under the pleadings and admission of appellant, in the absence of some error of procedure, the harm of which to appellant is clearly indicated.

There appears to be no such error of procedure requiring a reversal of the case. As we understand the concession in appellant's brief immediately following the statement of the nature and result of the case to be an admission that there is evidence in the record to support the verdict, that is, that the verdict is sustained by competent and properly admitted evidence, we think this would, in this case, authorize an affirmance.

While there are various assignments of error in appellant's brief, they all relate to the admission and exclusion of evidence. Since appellant concedes that the finding of the jury is warranted by competent proof, it might not be necessary to give any consideration to these assignments of error; but this court has nevertheless considered each of them and found them to be without merit.

Under the view we take of the case, as presented by the respective briefs of the parties we could not discuss the assignments of error to any useful purpose.

The pleadings and evidence called for a determination of whether or not the contract had ever been made. The evidence relating to this issue was fully developed, and the jury having properly made its finding therefrom, to the effect that the contract never existed, this correctly ended the case, and the judgment cannot be disturbed. It is accordingly affirmed.

Affirmed.